UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>D. CATLIN, et al.,<br><br>  Defendants. | No. 2:20-cv-2058 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

1    The court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
8 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
9 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
10 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
11 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
12 Cir. 1989); Franklin, 745 F.2d at 1227.

13    In order to avoid dismissal for failure to state a claim a complaint must contain more than
14 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
15 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
18 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
19 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
20 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
21 at 678. When considering whether a complaint states a claim upon which relief can be granted,
22 the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
23 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
24 U.S. 232, 236 (1974).

25    After conducting the required screening, the court finds that plaintiff may proceed on a
26 claim for retaliation arising under the First Amendment and excessive force arising under the
27 Eighth Amendment against defendant Catlin. With respect to the other defendants identified in
28 plaintiff's complaint, the facts alleged fail to state actionable claims. At this point, plaintiff has

2

two options: (1) he may proceed on the claims described above, or (2) attempt to cure the defects in his complaint in an amended complaint. If plaintiff choses to amend, plaintiff is informed as follows:

1. Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.

2. Plaintiff asserts a violation of California law, but fails to plead compliance with the California Tort Claims Act. Plaintiff is informed that before he may proceed on a claim arising under California law in this court he must comply with the terms of the California Tort Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

3. Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104.

4. In order to state a cognizable claim for violation of due process during things such as custody classification level hearings, plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

Finally, plaintiff is informed that if he elects to amend the court cannot refer to a prior pleading in order to make the amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed against defendant Catlin on a claim for retaliation rising under the First Amendment and a claim for excessive force arising under the Eighth Amendment or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in his complaint.  If plaintiff does not return the form, this action will proceed on the claims described above.

Dated: November 17, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
howe2058.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>D. CATLIN, et al.,<br><br>    Defendants. | No. 2:20-cv-2058 CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately against defendant Catlin on a claim for retaliation arising under the First Amendment and a claim for excessive force arising under the Eighth Amendment.

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                  _____
                                                  Plaintiff